CODE OF ETHICS FOR STATE EMPLOYEES — CRITERIA FOR COMPLIANCE (1) No positive criteria may be established for compliance with the Code of Ethics for State officials and employees as set forth in 74 O.S. 1401 [74-1401] (1970) et seq. and each transaction must be judged on the facts surrounding it. (2) 74 O.S. 1407 [74-1407] (1970) sets forth the manner in which a State official or employee may submit to the Attorney General a request for an opinion as to his conduct as governed by the Code of Ethics for State officials and employees. The Attorney General has had under consideration your request for an opinion as set forth in your letter of January 18, 1971, as follows: "1. A Board member owns five percent (5%) of a small data processing company. A college under the jurisdiction of the Board of Regents wishes to engage the services of this company to assist in various business and other operations of the college at an established fee. Is it permissible, under the law of Oklahoma and specifically the Code of Ethics for State Officials and Employees found in Title 74 O.S. 1401 [74-1401] (1970) et seq., for this college to engage the services of this company in view of the fact that a Board member owns five percent (5%) of the company stock." "2. To what extent may a company do business with a college under the Board of Regents for the Oklahoma Agricultural and Mechanical Colleges when a Board member owns some part of the stock or has other evidence of ownership in the company and not be in violation of Title 74 O.S. 1401 [74-1401] (1970) et seq. the Code of Ethics for Officials and State Employees." 74 O.S. 1405 [74-1405] (1970) provides as follows: "No State Agency Shall: "a. Enter into any contract with a State employee of the agency, or with a business in which such person shall have a substantial financial interest, unless the contract is made after public notice and competitive bidding; provided, that this sub-section shall not apply to a contract of employment with the State." (Emphasis added) The phrase "substantial financial interest" is defined in 74 O.S. 1403 [74-1403](c) (1970), as follows: "(c) 'Substantial financial interest' means an interest that could result in directly or indirectly receiving a substantial pecuniary gain or sustaining a substantial pecuniary loss as the result of ownership or interest in a business entity, or as a result of salary, gratuity, or other compensation or remuneration from any individual, partner ship, organization, or association." The provisions of the two Statutes immediately preceding do not prohibit the activity outlined in your first question. Both Sections however turn upon the word "substantial" which is defined in Black's Law Dictionary as being "of real worth and importance; of considerable value; valuable." Without the benefit of more information as to the specific transaction, and the amount of financial gain which might result, it is impossible for the Attorney General to render an opinion. The Statutes provide for a method whereby an officer or employee of the State may request of the Attorney General a written opinion on a proposed transaction. This provision is found in 74 O.S. 1407 [74-1407] (1970), as follows: "When any officer or employee of the State is in doubt as to the application of this Act as to himself or to any employee under his supervision, he may submit to the Attorney General a full written statement of the facts in question he may have. The Attorney General shall then render an opinion to such person and may publish these opinions, or abstracts thereof, with the use of the name of the person advised unless such person requests otherwise in writing." (Emphasis added) By providing for a full written statement of the facts involved, the Statute allows the Attorney General to treat each case individually based upon the facts and circumstances surrounding that particular transaction. While it appears that "five percent (5%) of a small data processing company" would not constitute substantial financial interest as set forth in the Statutes, without additional information it is impossible to make a proper determination. With respect to your Question No. 2, it is the opinion of the Attorney General that each financial transaction be judged on its own merits, and that no positive criteria can be established or limitations fixed which could be uniformly applied to such transaction. It is suggested that the procedure previously outlined in this opinion be followed whenever an officer or employee of the State is in doubt as to the application of this Act. It is therefore the opinion of the Attorney General that Question No. 1 cannot be answered without additional facts. It is the opinion of the Attorney General with respect to Question No. 2 that no positive criteria can be established and that each transaction must be judged on the facts surrounding it. (Paul C. Duncan) (Conflict of Interest) ** SEE: OPINION NO. 79-021 (1979) **